

FILED '07 APR 30 15:49 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GREGORY PAUL WILSON,                          Civ. No. 06-951-AA

          Petitioner,                        OPINION AND ORDER

     v.

BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary (as
custodian),

          Respondent.

_____

Richard L. Wolf
12940 N.W. Marina Way
Portland, OR  97231-2312

C. Renee Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR  97204
     Attorneys for petitioner

Timothy A. Sylwester
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
     Attorney for Respondent


1 - OPINION AND ORDER



AIKEN, Judge:

Petitioner Gregory Wilson, an inmate at Oregon State Penitentiary, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks to prevent the State of Oregon from trying him for a third time on murder charges related to the death of Misty Largo. The petition is denied.

## I. BACKGROUND

In 1993, petitioner was tried in Multnomah County Circuit Court for the kidnaping, torture, and murder of Misty Largo.[1] Petitioner was convicted of nine counts of aggravated murder, three counts of kidnaping, and one count each of intentional murder, assault, and abuse of a corpse. Petitioner was sentenced to death on all nine aggravated murder counts, with the intentional murder, kidnaping, and assault convictions merging with the aggravated murder convictions for purposes of sentencing under Oregon law. Petition was sentenced separately on the abuse of a corpse conviction.

On direct and automatic review, the Oregon Supreme Court overturned petitioner's convictions for aggravated and intentional murder but affirmed his convictions for kidnaping, assault, and abuse of a corpse. State v. Wilson, 323 Or. 498, 918 P.2d 826 (1996). In 1997, petitioner was resentenced on the kidnaping and

---

[1]The rather gruesome details of Largo's death are recited at Wilson v. Czerniak, 238 F. Supp. 2d 1207, 1209-10 (D. Or. 2002) and will not be repeated here.

assault convictions.  The Oregon Court of Appeals subsequently affirmed the sentences imposed on these convictions and the Oregon Supreme Court denied review.  State v. Wilson, 161 Or. App. 314, 985 P.2d 840 (1999), rev. denied, 330 Or. 71, 994 P.2d 133 (2000).[2]

In August of 2000, petitioner was retried on eight of the aggravated felony murder charges and the intentional murder charge that were reversed by the Oregon Supreme Court.  Count 1 alleged that petitioner personally and intentionally killed Largo during the course of kidnaping in the second degree; Count 2 alleged that petitioner personally and intentionally killed Largo during the course of kidnaping in the first degree for the purpose of causing physical injury; Count 3 alleged that petitioner personally and intentionally killed Largo during the course of kidnaping in the first degree for the purpose of terrorizing; Count 4 alleged that petitioner intentionally killed Largo in the course of intentional torture; Count 5 alleged that petitioner intentionally killed Largo in an effort to conceal the crime of kidnaping in the second degree; Counts 6 and 7 alleged that petitioner intentionally killed Largo in an effort to conceal the crimes of kidnaping in the first degree; Count 8 alleged that petitioner intentionally killed Largo

---

[2]Petitioner also sought and was denied post-conviction relief, with the Oregon Court of Appeals affirming without opinion and the Oregon Supreme Court denying review.  Wilson v. State, 196 Or. App. 352, 103 P.3d 1211 (2004), rev. denied, 338 Or. 583, 114 P.2d 504 (2005).  Petitioner has filed a separate petition for writ of habeas corpus under 28 U.S.C. § 2254 relating to these convictions.  Wilson v. Belleque, Civ. No. 06-721-AA.

in an effort to conceal the crime of assault in the third degree;
and Count 9 alleged that petitioner intentionally and without
justification killed Largo.

Along with the greater offenses charged in Counts 1 through 9,
the trial court instructed the jury as to several lesser included
offenses. With respect to the aggravated felony murder charges in
Counts 1 through 3, the jury was instructed on the lesser included
offenses of felony murder. With respect to the aggravated felony
murder charges in Counts 4 through 8, the jury was instructed on
the lesser included offenses of attempted aggravated murder. With
respect to the charge of intentional murder in Count 9, the jury
was instructed on the lesser included offense of attempted murder.

In accordance with Or. Rev. Stat. § 136.460(2) and over
petitioner's objection, the trial court instructed the jury that it
must acquit petitioner of the greater offenses charged before it
could deliberate on the corresponding lesser included offenses.
Petitioner objected to the "acquittal first" instruction on *ex post
facto* grounds, because such an instruction constituted reversible
error at the time of petitioner's offense. See State v. Allen, 301
Or. 35, 40, 717 P.2d 1178 (1986) (per curiam).[3]

---

[3]In 1997, the Oregon legislature enacted § 136.460(2), which
effectively requires trial courts to instruct juries that they
must acquit on the greater offenses before they may consider
lesser included offenses. Or. Rev. Stat. § 136.460(2) ("Only if
the jury finds the defendant not guilty of the charged offense
may the jury consider a lesser included offense."). The Oregon
Court of Appeals upheld the statute against constitutional
challenges, finding that the Allen decision was based on policy

After several days of deliberation, the jury acquitted petitioner of the aggravated felony murder charges in Counts 4 through 8 but convicted petitioner of the lesser included offenses of attempted aggravated murder.  Similarly, the jury acquitted petitioner of the intentional murder charge in Count 9 but convicted petitioner of the lesser included offense of attempted murder.  The jury deadlocked on the aggravated murder charges in Counts 1 through 3.  As a result, the jury did not reach the lesser included offenses of felony murder with respect to those counts.

The trial court accepted the verdicts, entered a mistrial as to Counts 1 through 3, discharged the jury, and set Counts 1 through 3 for retrial.[4]

Petitioner subsequently moved for judgment of acquittal and sought to bar retrial on Counts 1 through 3.  Petitioner argued that because he had been acquitted of intentional murder, he must be acquitted of aggravated murder as well, because aggravated murder includes intentional murder as an element.  The trial court denied the motion and ruled that the State could retry petitioner on the aggravated felony murder charges in Counts 1 through 3.

Petitioner sought an alternative writ of mandamus from the

---

considerations rather than constitutional requirements.  State v. Horsley, 169 Or. App. 438, 443-444, 8 P.3d 1021 (2000).

[4]In 2003, petitioner was sentenced on his convictions for attempted aggravated murder and attempted murder.  Petitioner's appeal of the judgment is pending in the Oregon Court of Appeals.

Oregon Supreme Court on state and federal constitutional grounds, arguing that the Fifth Amendment right against double jeopardy barred retrial of the aggravated felony murder charges.  The Oregon Supreme Court denied the petition without opinion.

Petitioner then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court, requesting that the court bar retrial of the aggravated murder charges on double jeopardy grounds.  Magistrate Judge Ashmanskas recommended granting the petition, holding that the principle of collateral estoppel embodied in double jeopardy prohibited the State from retrying petitioner on aggravated murder charges.  Judge Ashmanskas explained that in order to prove petitioner guilty of aggravated murder, the State must establish beyond a reasonable doubt that he intentionally killed Largo, and that the jury's acquittal of the intentional murder charge resolved the issue of intent in petitioner's favor, thus precluding further litigation.  Wilson v. Czerniak, 2002 WL 1774745, *4-5 (D. Or. July 30, 2002).

Judge Jones declined to adopt the Findings and Recommendation, instead ruling that collateral estoppel did not apply in light of the jury's inconsistent verdicts on the aggravated and intentional murder charges.  Wilson v. Czerniak, 238 F. Supp. 2d 1207, 1214 (D. Or. 2002) (discussing United States v. Powell, 469 U.S. 57 (1984)).  Accordingly, Judge Jones held that it was not an unreasonable application of clearly established federal law for the state court to allow retrial of the aggravated murder charges.  Id. at 1216.

6 - OPINION AND ORDER

On appeal, the Ninth Circuit reversed the decision of the district court, although on different grounds. The court found that petitioner's acquittal on the intentional murder charge prohibited retrial of the aggravated murder charges, because intentional murder is a lesser included offense and therefore the "same" as aggravated felony murder for purposes of double jeopardy. Wilson v. Czerniak, 355 F.3d 1151, 1155-56 (9th Cir. 2004). Thus, the Ninth Circuit concluded that "[h]aving once been acquitted of the lesser included offense of intentional murder, Wilson may not be retried on charges of aggravated felony murder." Id. at 1157. The court did not reach petitioner's argument that collateral estoppel barred retrial on aggravated murder charges because the issue of intent has been resolved in his favor. Id. at 1154.

After the Ninth Circuit issued its ruling, the State declared its intent to try defendant on the lesser included offenses of felony murder under Counts 1 through 3. Petitioner objected to retrial on the felony murder charges, and the trial court denied petitioner's objections. Petitioner sought another alternative writ of mandamus, which was denied without opinion by the Oregon Supreme Court.

On July 7, 2006, petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking to bar his retrial on the felony murder charges. Petitioner also moved to stay his trial that was scheduled to commence in October 2006. Ultimately, the State stipulated to petitioner's motion and the

7 - OPINION AND ORDER

court stayed further state court proceedings pending resolution of this habeas petition.

## II.  DISCUSSION

Petitioner asserts four grounds for relief.  First, petitioner argues that retrial on felony murder charges violates his right against double jeopardy under the Fifth Amendment.  Second, petitioner maintains that the State committed an *ex post facto* violation when it sought an "acquit first" instruction during his second trial, thus precluding the jury from reaching a verdict on the charges of felony murder.  Third, petitioner claims that retrial violates his rights of due process and fundamental fairness, because "the State is attempting to revive prosecution theories that it intentionally abandoned over 13 years ago . . . ." Petition for Writ of Habeas Corpus, p. 30.  Fourth, petitioner argues that the State's dilatory actions with respect to the felony murder charges have deprived him of his right to a speedy trial.

## A.  Double Jeopardy

"The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense."  United States v. Dinitz, 424 U.S. 600, 606 (1976); see also U.S. Const. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.").  Thus, the protections against double jeopardy bar a successive prosecution on the "same" offense of which a defendant has been previously acquitted or

convicted as well as relitigation of an issue that has been resolved in the defendant's favor in a prior prosecution. <u>Brown v. Ohio</u>, 432 U.S. 161, 165-66 (1977); <u>Ashe v. Swenson</u>, 397 U.S. 436, 443 (1970); <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932). However, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." <u>Richardson v. United States</u>, 468 U.S. 317, 325 (1984). Generally, retrial on deadlocked charges after a mistrial is declared does not cause double jeopardy, because the failure of the jury to reach a verdict does not terminate jeopardy. <u>Id.</u> at 324-25.

Here, the State seeks to retry petitioner on the lesser included offenses of felony murder in Counts 1 through 3. "The [Oregon] murder statutes distinguish between 'ordinary' murder and murder that is accompanied by specified aggravating circumstances. . . . Ordinary murder has three subcategories: intentional murder, felony murder, and murder by abuse." <u>State v. Ventis</u>, 337 Or. 283, 292, 96 P.3d 815 (2004). The first two categories of ordinary murder are relevant to petitioner's claims.

Intentional murder is defined as murder committed intentionally. Or. Rev. Stat. § 163.115(1)(a) ("criminal homicide constitutes murder . . . [w]hen it is committed intentionally . . . ."). Felony murder is defined as murder committed during the course and commission or attempted commission of enumerated felony offenses, including arson, burglary, kidnaping, and assault. <u>Id.</u>

§ 163.115(1)(b).[5]  Accordingly, while intentional murder - like aggravated felony murder - requires that the murder be committed intentionally, felony murder does not.[6]

Petitioner does not argue that retrial is barred because felony murder is the "same offense" as intentional murder.  See Blockburger, 284 U.S. at 304.  The Blockburger test asks "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993); see also United States v. Vargas-Castillo, 329 F.3d 715, 720 (9th Cir. 2003) ("Double jeopardy is not implicated so long as each violation requires proof of an element which the other does not.").

Petitioner undoubtedly recognizes that intentional murder contains the element of intentionally causing death that is not an element under felony murder.  See Or. Rev. Stat. §§ 163.115(1)(a) and (b).  Likewise, felony murder contains an element that intentional murder does not:  that the murder occur during the

---

[5][F]or at least 47 years," the Oregon Supreme Court has used the term felony murder "as a shorthand reference" when discussing murder under § 163.115(1)(b). Ventis, 337 Or. at 292 n.3, 96 P.3d 815.

[6]Aggravated felony murder includes circumstances in which "the defendant personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115(1)(b)." Or. Rev. Stat. § 163.095(2)(d).  Thus, aggravated murder is the offense of felony murder combined with the offense of intentional murder.

course or commission of an underlying predicate felony - in this case, kidnaping in the first and second degrees.    See id. Therefore, the reasoning and holding of the Ninth Circuit in Wilson v. Czerniak does not bar retrial of petitioner on felony murder charges, because felony murder is not the "same" offense as intentional murder under the Blockburger test.[7]

_____

[7]Regardless, I question whether the "same offense" analysis utilized in Wilson applies when lesser or greater offenses are retried after a mistrial.    See Wilson, 355 F.3d at 1154-56. While Wilson relied on Brown v. Ohio, 432 U.S. 161, 162-63, 166 (1977) and United States v. Dixon, 509 U.S. 688, 697-701 (1993), which hold that double jeopardy bars a second trial after jeopardy has terminated on the "same" offense, Brown and Dixon involved separate and successive prosecutions rather than retrial after a mistrial or reversal.    See Brown, 432 U.S. at 165 n.5; United States v. Jose, 425 F.3d 1237, 1241-42 (9th Cir. 2005); United States v. Bordeaux, 121 F.3d 1187, 1191 (8th Cir. 1997).

Indeed, it is difficult to reconcile the specific holding in Wilson with the more recent decision in Jose.    There, the Ninth Circuit held that final convictions and termination of jeopardy on lesser included offenses did not bar retrial on the greater offense after a successful appeal and reversal of the greater offense conviction.    Jose, 425 F.3d at 1241-46.    The court explained that it was irrelevant whether the defendants were acquitted or convicted of the lesser offenses, because "[w]hat matters is that . . . jeopardy continued on the remaining count." Id. at 1245; cf. Ohio v. Johnson, 467 U.S. 493, 501-02 (1984); United States v. Schuster, 769 F.2d 337, 342-44 (6th Cir. 1985).

Relatedly, existing Supreme Court precedent suggests and Circuit Court precedent holds that retrial of lesser included offenses after reversal on appeal or mistrial does not implicate double jeopardy, even if the defendant was acquitted on the greater offense.    See Green v. United States, 355 U.S. 184, 190 & nn. 10,11 (1957); Anderson v. Mullin, 327 F.3d 1148, 1155-56 (10th Cir. 2003); United States v. Chestaro, 197 F.3d 600, 608-09 (2d Cir. 1999); United States v. Gooday, 714 F.2d 80, 83 (9th Cir. 1983); Fosberg v. United States, 351 F.2d 242, 247-48 (9th Cir. 1965); Edmonds v. United States, 273 F.2d 108, 113-14 (D.C. Cir. 1959).

Instead, petitioner repeatedly asserts that because the jury had a full and fair opportunity to consider the charges against him, and because the jury returned verdicts on some - though not all - of the murder charges, petitioner's culpability for Largo's murder has been effectively and conclusively resolved. Petitioner further maintains that the jury's acquittal on the intentional murder charge precludes further prosecution of "ordinary" murder under Or. Rev. Stat. § 163.115, because intentional murder would merge with felony murder for purposes of sentencing. Essentially, petitioner contends that the verdict returned in petitioner's 2000 trial "precludes the State seeking to retry Mr. Wilson on any other theory for this murder - whether a lesser included offense or at a greater offense level." Petition for Writ of Habeas Corpus, p. 21. In so arguing, petitioner fundamentally misapplies the concept of double jeopardy.

It is undisputed that the jury in petitioner's 2000 trial deadlocked on the charges of aggravated felony murder in Counts 1 through 3 and therefore did not reach the lesser included offenses of felony murder. Consequently, under well-established Supreme Court and Ninth Circuit jurisprudence, jeopardy did not terminate with respect to the aggravated murder or felony murder charges in Counts 1 through 3 by virtue of acquittal or conviction.

---

Petitioner does not rely on the holding in <u>Wilson</u> to support his claims, however, and therefore I need not address this apparent conflict.

12 - OPINION AND ORDER

Richardson, 468 U.S. at 325 (while a court's finding of insufficiency of the evidence is "equivalent" to an acquittal, thus terminating jeopardy, a mistrial following a deadlocked jury is not).

Thus, retrial on deadlocked charges after a mistrial does not cause double jeopardy, because the failure of the jury to reach a verdict does not terminate jeopardy as to those particular offenses, even if jeopardy has terminated on other related offenses through acquittal or conviction. Id. 324-25; United States v. James, 109 F.3d 597, 599-600 (9th Cir. 1997) (mistrial resulting from failure of jury to reach verdict on one of four counts does not terminate jeopardy with respect to that count); United States v. Seley, 957 F.2d 717, 719-20 (9th Cir. 1992); ("As a general principal, retrial following hung juries do not cause double jeopardy because the failure of the jury to reach a verdict means that jeopardy has not yet terminated."); United States v. Gooday, 714 F.2d 80, 83 (9th Cir. 1983) ("When a trial ends as a result of the jury being unable to reach a unanimous verdict, the Double Jeopardy Clause of the Fifth Amendment does not bar retrial."). The fact that the petitioner was acquitted of intentional murder and the State is now precluded from retrying petitioner on aggravated murder charges does not bar retrial of the felony murder charges.

The Ninth Circuit's ruling in United States v. Jose, 425 F.3d 1237 (9th Cir. 2005) is particularly instructive. There,

defendants were convicted of felony murder and three predicate felony offenses.  All counts were charged in one indictment and prosecuted simultaneously.  Id. at 1239.  On appeal, the Ninth Circuit reversed the defendants' felony murder convictions, affirmed the defendants' predicate felony convictions, and remanded the case for further proceedings.  On remand, defendants sought dismissal of the felony murder charges, arguing that the final convictions on the lesser included felony offenses barred retrial of the greater felony murder offense, because they were the "same" for double jeopardy purposes.  Id. at 1239-40.

The Ninth Circuit rejected defendants' argument and found that double jeopardy did not bar retrial of the greater offense of felony murder, even though jeopardy had terminated on the lesser included predicate felonies.  The court explained that when greater and lesser offenses are charged in one indictment and tried in one case, double jeopardy does not bar retrial on the greater offense after a successful appeal and reversal, even if jeopardy has terminated as to the lesser included offense.  Jose, 425 F.3d at 1241-43.  The court emphasized that "there is a difference between separate, successive trials of greater and lesser offenses, and the different situation in which both are tried together . . . ."  Id. at 1242 (quoting United States v. DeVincent, 632 F.2d 155, 158 (1st Cir. 1980)).

In so ruling, the Ninth Circuit discussed with approval the holding of Forsberg v. United States, 351 F.2d 242 (9th Cir. 1965):

14 - OPINION AND ORDER

> In *Forsberg*, the defendant was charged with related
> greater and lesser included offenses, jeopardy terminated
> as to the greater offense by acquittal, and continued as
> to the other offense pursuant to a mistrial. *In such a
> situation, the government is not barred from retrying the
> defendant, notwithstanding that jeopardy has terminated
> on the related offense. . . .* And this is true even
> though the greater and lesser offenses are the "same
> offense" for purposes of double jeopardy.

Jose, 425 F.3d at 1243-44 (citing Forsberg, 351 F.2d at 245, 248)

(emphasis added).  The court noted that "[t]he issue in Forsberg

arose because jeopardy on the greater charge terminated with an

acquittal," while "jeopardy terminated with [the defendants'] final

convictions on the lesser included offenses."  Id. at 1244.

However, "[i]t does not matter for our purposes that Forsberg was

acquitted as opposed to convicted on the greater offense.  What

matters is that in both *Forsberg* and the instant case, jeopardy

continued on the remaining count."  Id. at 1244-45 (footnote

omitted); Forsberg, 351 F.2d at 248; see Gooday, 714 F.2d at 83

("Gooday's acquittal on the indictment's first-degree murder count

does not preclude retrial on the three lesser included offenses on

which the jury was instructed".).  The Ninth Circuit's reasoning in

Jose, Gooday, and Forsberg applies with equal force to this case.

Citing Green v. United States, 355 U.S. 184 (1957), petitioner

nonetheless contends that jeopardy terminated on the felony murder

charges, because the jury had a full and fair opportunity to reach

a verdict but failed to do so.  As did the Ninth Circuit in Jose,

I find petitioner's reliance on Green unpersuasive.

In Green, the defendant was indicted on charges of arson and

first-degree murder.  At trial, the jury was instructed that it could find the defendant guilty of either first-degree or second-degree murder under the first-degree murder count.  Id. at 185-86. The jury convicted defendant of arson and second-degree murder but rendered no verdict on the charge of first-degree murder.  On appeal, the second-degree murder conviction was reversed, and on remand the defendant was tried and convicted of first-degree murder as charged in the original indictment.  Id. at 186.

The Supreme Court held that double jeopardy prohibited the defendant's conviction for first-degree murder.  The Court noted that the jury gave no indication that it was deadlocked or unable to reach a verdict; rather it was simply "silent" as to the first-degree murder charge.  Green, 355 U.S. at 186, 190-91.  The Court thus concluded that the jury's silence on first-degree murder coupled with its conviction of the defendant on second-degree murder was an "implicit acquittal" of the first-degree murder charge, thus terminating jeopardy.  Id. at 190.[8]

> For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent.  Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so.  Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for first degree murder came to an end when the jury was discharged so that he could not be retried for that offense.

---

[8]Although not raised by the defendant, the Supreme Court did not find that the implied acquittal on the greater offense barred retrial on the lesser offense.

Id. at 191. Accordingly, <u>Green</u> holds that when a defendant is convicted of a lesser included offense rather than the greater offense charged in the indictment and the jury gives no indication of deadlock, the defendant can be retried only for the offense of conviction and not for the greater offense with which he was originally charged. <u>Id.</u> at 190-91; <u>Jose</u>, 425 F.3d at 1246 (quoting <u>United States v. Tateo</u>, 377 U.S. 463, 465 n.1 (1964)).

Here, however, the jury's "silence" on the charges of felony murder did not result after a full and fair opportunity to return a verdict; because the jury deadlocked on the aggravated felony murder charges, it did not reach the lesser included charges of felony murder. <u>Green</u> is therefore distinguishable and does not address the issue raised in this case.

In sum, I find that retrial on the lesser felony murder charges does not subject petitioner to double jeopardy after acquittal of the intentional murder count, notwithstanding the fact that the State cannot retry petitioner on the greater offenses of aggravated felony murder. <u>See</u> <u>Jose</u>, 425 F.3d at 1241-43; <u>Gooday</u>, 714 F.2d at 83; <u>Forsberg</u>, 351 F.2d 248.

Petitioner next argues that principles of collateral estoppel embodied in the double jeopardy protections of the Fifth Amendment binds the State and precludes retrial of any murder charge based on theories the State previously submitted to the jury. <u>See</u> <u>Ashe v. Swenson</u>, 397 U.S. 436 (1970).

In <u>Ashe</u>, "[t]he Supreme Court . . . incorporated the

principles of collateral estoppel into the protections of the
Double Jeopardy Clause." <u>James</u>, 109 F.3d at 600 (citing <u>Ashe</u>, 397
U.S. at 443); <u>see also</u> <u>Harris v. Washington</u>, 404 U.S. 55, 56 (1971)
(per curiam) (explaining that "collateral estoppel in criminal
trials is an integral part of the protection against double
jeopardy guaranteed by the Fifth and Fourteenth Amendments").
Notably, "this issue is separate from . . . the core concept of
double jeopardy, as well as from the comparison of the statutory
elements of the two crimes." <u>United States v. Aguilar-Aranceta</u>,
957 F.2d 18, 23 (1st Cir. 1992).

Instead, "[c]ollateral estoppel, or issue preclusion, 'means
simply that when an issue of ultimate fact has once been determined
by a valid and final judgment that issue cannot again be litigated
between the same parties in any future lawsuit.'" <u>Santamaria v.
Horsley</u>, 133 F.3d 1242, 1244-45 (9th Cir. 1998) (quoting <u>Ashe</u>, 397
U.S. at 443). In the criminal context, "[c]ollateral estoppel
applies when the jury resolves, in a manner adverse to the
government, an issue that the government would be required to prove
in order to obtain a . . . conviction at the second trial." <u>United
States v. Castillo-Basa</u>, ___ F.3d ___, 2007 WL 1192000, *7 (9th
Cir. April 24, 2007).

> The Double Jeopardy Clause does not only bar a second
> prosecution on the same charge of which a defendant has
> been previously acquitted (or convicted). It also
> prevents the government from seeking to prosecute a
> defendant on an *issue* that has been determined in the
> defendant's favor in a prior prosecution, regardless of
> the particular offense involved in the earlier trial.

Id. *4 (citing Ashe, 397 U.S. at 443) (emphasis in original).
"Under our constitutional rule, once an issue . . . has been
determined in [defendant's] favor, rightly or wrongly, by a jury,
he may not again be compelled to defend himself on that issue."
Id.

The Ninth Circuit has "implemented Ashe's charge" in a three-
step process:

> (1) An identification of the issues in the two actions
> for the purpose of determining whether the issues are
> sufficiently similar and sufficiently material in both
> actions to justify invoking the doctrine; (2) an
> examination of the record of the prior case to decide
> whether the issue was "litigated" in the first case; and
> (3) an examination of the record of the prior proceeding
> to ascertain whether the issue was necessarily decided in
> the first case.

Castillo-Basa, 2007 WL 1192000, *5; see also Ashe, 397 U.S. at 444
("Where a previous judgment of acquittal was based upon a general
verdict, as is usually the case, this approach requires a court to
examine the record of a prior proceeding, taking into account the
pleadings, evidence, charge, and other relevant matter, and
conclude whether a rational jury could have grounded its verdict
upon an issue other than that which the defendant seeks to
foreclose from consideration.") (quotation marks and citation
omitted).

Petitioner bears the burden of proving "that the issue whose
relitigation he seeks to foreclose was actually decided in his
favor" during the 2000 trial. Dowling v. United States, 493 U.S.

342, 350 (1990). "Where it is impossible to determine whether the particular issue was previously resolved in a defendant's favor, preclusive effect must be denied." Aguilar-Aranceta, 957 F.2d at 23. In other words, pursuant to Ashe and its progeny, petitioner must establish that the State seeks to relitigate an issue that was decided previously in petitioner's favor.

Petitioner fails to do so, and application of the first step identified in Castillo-Basa makes clear that collateral estoppel does not bar retrial of petitioner on felony murder charges.

In petitioner's 2000 trial, the jury acquitted petitioner of intentional murder. At most, the jury found that petitioner did not intentionally cause the death of Largo. However, as I discussed previously, the lesser included offenses of felony murder do not require the State to prove that petitioner intentionally caused the death of Largo. Rather, felony murder requires that the murder be committed by the defendant or another participant during the course and commission or attempted commission of an underlying predicate felony - in this case, kidnaping. Thus, "identification of the issues in the two actions" establishes that they are not "sufficiently similar and sufficiently material in both actions to justify invoking" the doctrine of collateral estoppel. Castillo-Basa, 2007 WL 1192000, *5.[9]

---

[9]To the extent petitioner seeks to limit the evidence the State may introduce on retrial, such an issue arguably does not raise a constitutional claim until petitioner "suffers a conviction based on the disputed evidence." Santamaria, 133 F.3d

Accordingly, because the State does not seek to relitigate the issue resolved previously in petitioner's favor, principles of collateral estoppel do not preclude retrial on the three lesser included offenses of felony murder.

B. *Ex Post Facto*

Petitioner's next claim for relief, though identified as an *ex post facto* claim, is likewise premised on principles of double jeopardy. Petitioner argues that the State committed an *ex post facto* violation by requesting an "acquittal first" instruction that was not the law at the time of petitioner's offense, thus causing deadlock on the greater offenses charged in Counts 1 through 3 and rendering the jury unable to consider the lesser included offenses. Petitioner maintains that the "acquittal first" instruction forced him to accept a mistrial, thus vitiating his consent to the mistrial and precluding a finding that the mistrial was required out of "manifest necessity."[10]

---

at 1250 (Kozinski, J., concurring). The Ninth Circuit has distinguished constitutional collateral estoppel invoking double jeopardy protections from legal collateral estoppel: "Constitutional collateral estoppel exists where 'a fact necessarily determined in the defendant's favor by his earlier acquittal [makes] his conviction on the challenged second trial . . . impossible unless the fact could be relitigated and determined adversely to the defendant.' On the other hand, 'double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but not make conviction impossible.'" James, 109 F.3d at 601 (quoting Pettaway v. Plummer, 943 F.2d 1041, 1046 (9th Cir. 1991), overruled on other grounds by Santamaria, 133 F.3d at 1245-47).

[10]Petitioner does not dispute the State's contention that he did not object to the entry of mistrial on Counts 1 through 3.

As a general rule, retrial on deadlocked charges after mistrial does not cause double jeopardy. Richardson, 468 U.S. at 324-26. "A district court may declare a mistrial and retry a defendant without violating the prohibition against double jeopardy when there is a manifest necessity for the discharge of the original proceeding.  A hung jury is the classic example of manifest necessity." United States v. Hernandez-Guardado, 228 F.3d 1017, 1029 (9th Cir. 2000) (citations omitted).  Moreover, if a mistrial is declared with the defendant's consent, "she is deemed to have waived any double jeopardy claim she might otherwise have" unless "the prosecutor or the judge intentionally provokes the defendant to request the mistrial." Aguilar-Aranceta, 957 F.2d at 21-22 (citations omitted); see also United States v. Kallin, 108 F.3d 221, 224 (9th Cir. 1997) (retrial is "prohibited when the government's misconduct was intended to goad the defendant into moving for a mistrial") (citing Oregon v. Kennedy, 456 U.S. 667, 676 (1982)).  Thus, petitioner's argument rests on the questionable premise that the "acquittal first" instruction precludes a mistrial based on manifest necessity and constitutes government misconduct intended to cause petitioner's acquiescence to declaration of a mistrial on Counts 1 through 3.

Notably, petitioner fails to cite - and the court is unable to find - one case holding that an "acquittal first" instruction either violates the Ex Post Facto Clause or evinces government misconduct.  In fact, the Oregon Court of Appeals has upheld the

very instruction challenged by plaintiff. <u>See</u> <u>State v. Horsley</u>, 169 Or. App. 438, 8 P.3d 1021 (2000). While recognizing that, as a matter of policy, an "acquittal first" instruction "tends to inhibit the jury's consideration of lesser offenses," the court ruled that such an instruction does not violate a defendant's rights under the Oregon or United States Constitutions. <u>Id.</u> at 443-44, 8 P.3d 1021. Moreover, even if an "acquittal first" was held to violate a defendant's constitutional rights, the appropriate remedy would be retrial without the offending instruction. <u>See</u> <u>Allen</u>, 301 Or. at 40-41, 717 P.2d 1178; <u>State v. Mays</u>, 582 S.E.2d 360, 364-66 (N.C. App. 2003). Therefore, petitioner's *ex post facto* claim is without merit.

<u>C. Due Process</u>

Petitioner also argues that retrial violates his due process rights, because the State "waived" prosecution of felony murder charges when it dismissed them from the original indictment. Petitioner also argues that the State never sought to retry him on felony murder charges until the Ninth Circuit prohibited retrial on the aggravated felony murder charges. Petitioner maintains that after repeatedly asserting that petitioner "personally and intentionally" caused the death of Largo, due process prevents the State from pursuing felony murder charges under the theory that another participant killed Largo during the predicate crimes of kidnaping.

I disagree with petitioner's contention that the State

"waived" or "abandoned" prosecution of felony murder charges. While felony murder charges were charged separately in the original indictment, I place little significance to the fact that the State dismissed them, given that they are lesser offenses necessary included under the aggravated murder charges alleged in Counts 1 through 3. Further, with no objection by petitioner, the jury in petitioner's 2000 trial was instructed on the lesser included offenses of felony murder. Thus, petitioner's waiver, abandonment, and alternative theory arguments are not supported by the record.

Likewise, the State's actions since petitioner's 2000 trial do not support his due process claim. The State has consistently sought to try petitioner on aggravated murder charges, which necessarily include the lesser offenses of felony murder. Granted, it would have been convenient for all involved if this issue had been resolved in petitioner's previous habeas petition. For whatever reason, it was not. Despite petitioner's assignment of blame on the State, petitioner could have raised the issue of whether double jeopardy barred retrial of felony murder charges in his previous habeas petition, given that they are lesser offenses of the aggravated murder charges petitioner sought to preclude.

The cases cited by petitioner do not compel a different result. In Burks v. United States, 437 U.S. 15-17 (1978), the Supreme Court held that reversal of a conviction on grounds of "evidentiary insufficiency" barred retrial of the defendant on the same charge, because such a ruling was the equivalent of an

acquittal.   Here, no court has ruled that the State presented insufficient evidence to support a felony murder conviction.   In Sanabria v. United States, 437 U.S. 54 (1978), the Court "held that Sanabria's acquittal of the charge of being connected with an illegal gambling business on one theory 'stands as an absolute bar to any further prosecution for participation in that business' on any other theory."   Williams v. Warden, 422 F.3d 1006, 1011 (9th Cir. 2005) (citing Sanabria, 437 U.S. at 72-73).   Here, however, the State does not seek to try petitioner for an offense of which he has been acquitted under a "new" theory.

In sum, petitioner fails to establish that retrial on charges of felony murder violates his right to due process.

D.   Speedy Trial

Finally, petitioner argues that the State's decision not to pursue felony murder charges in petitioner's previous trials and attempted retrial have deprived petitioner of his right to a speedy trial under the Sixth Amendment.   For the reasons set forth above, I do not find that the record supports petitioner's claim of dilatory conduct by the State.   The State has consistently sought to try petitioner on charges of aggravated murder, which include the lesser offenses of felony murder.   Moreover, I do not find any delay to be the "fault" of either party.   Just as petitioner is entitled to seek vindication of his constitutional rights, the State is entitled to seek conviction of petitioner for crimes the State contends he committed.

<u>CONCLUSION</u>

For the reasons set forth, the Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus (doc. 1) is DENIED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of April, 2007.


_____
Ann Aiken
United States District Judge